IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELISANDRO GARCIA, JR AND EULALIA GARCIA <br>     Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A, FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND EVERETT FINANCIAL, INC. DBA SUPREME LENDING <br>     Defendants | § § § § § § § § § § § § §  CIVIL NO. 4:14-cv-03293 |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Everett Financial, Inc. d/b/a Supreme Lending, Inc. ("Supreme Lending") moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and would show the Court as follows:

### Procedural Background

Plaintiff filed this case in state Court (Dkt # 1, Attachment 1, p. 4). This case was removed based on diversity jurisdiction on November 17, 2014 (Dkt #1).

### Overview

Plaintiffs seek to quiet title their home and want a declaratory judgment. In short, Plaintiffs want the Court to forgive their obligation to pay back $112,500

they borrowed because of alleged technical violations of the loan documents that occurred 4 years ago.[1]

Supreme Lending originated the loan and sold and assigned it.[2]  It has no rights to the money and no interest in the property.

## MOTION TO DISMISS

**1. Defendants are entitled to Dismissal because no claim has been made.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief".

Plaintiffs cannot state a cause of action against Supreme Lending because there is no existing relationship between Plaintiffs and Supreme Lending. Supreme Lending has no interest in the note and no interest in the property. Conspicuously absent from Plaintiffs' petition is any specific allegation about Supreme Lending's interest in the property or how the declaratory judgment or suit to quiet title has anything to do with Supreme Lending.  *See Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (dismissal is appropriate where the facts, as pleaded, do not give rise to a cause of action).

---

[1]  Since this lawsuit was filed, Plaintiffs' counsel has been provided written document conclusively proving that her allegations are frivolous and Plaintiffs' counsel has been asked to dismiss the case.  No answer has been provided yet.  This will be subject of a Motion for Sanctions if Plaintiffs' counsel continues asserting facts which do no exist.

[2]  The loan was transferred to Fannie Mae on or about December 9, 2010.

## 2. Plaintiff's amended petition contains nothing more than "conclusory allegations".

The United States Supreme Court has stated that the Federal Rule of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1992). A complaint will survive a motion for dismissal only if the plaintiff pleads sufficient facts to state a claim for relief that is facially plausible and rises above mere speculation. *Ashcroft v. Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

It is not sufficient to just state facts and complain about what a defendant did. The Plaintiff must prove up a cause of action. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct.1937, 1949, 173 L.Ed.2d 868 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly,* 127 S.Ct. at 1966).

Plaintiff does not plead any facts that would support a cause of action against Supreme Lending. Plaintiffs have no cause of action against Supreme Lending and this motion should be granted.

3. **Failure to state a claim under 12(B)(6).**

**A. There is no cause of action against Supreme Lending because it does not have an interest in the loan or property.**

This Court should dismiss all possible causes of action against Supreme Lending with prejudice for failure to state a claim upon which relief can be granted.

The only claim asserted by Plaintiffs is one to quiet title to the Property. *See* Dkt # 1, Attachment 1 at ¶¶ 17-18. "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

"The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied).

Plaintiffs' Complaint fails to allege that Supreme Lending asserts any interest in or claim to the Property. Further, Plaintiffs' complaint implicitly concedes that Supreme is not asserting an interest in the Property because Plaintiffs' demand to cure the alleged cloud on Plaintiffs' title (attached as Exhibit 1 to the Complaint) was addressed only to Fannie Mae and BANA. *See* (Dkt # 1,

Attachment 1, Ex. 1.) Plaintiffs' Complaint fails to address the issue because Plaintiffs did not send a demand letter to Supreme Lending. There was no reason to do this because Supreme Lending transferred and/or assigned its interest in the Property to Fannie Mae years ago.

Where the originator of a loan (e.g., Supreme Lending) assigns its interest in the loan to a third party, a borrower can no longer assert a claim to quiet title against the originator because it is no longer asserting a claim to the property. *See Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) ("HLC Merely originated the loan, and its assignment through MERS ended its involvement with the mortgage, so HLC has no adverse claim against the property. . . . As such, there is no reasonable basis for recovery, and HLC was improperly joined."). Accordingly, Plaintiffs' action to quiet title fails as a matter of law as to Supreme Lending because its claim to the Property was transferred and/or assigned to Fannie Mae.

Further, Plaintiffs' request for a declaratory judgment does not apply to Supreme Lending because it is not a stand-alone cause of action. *See Monk v. Pomberg,* 263 S.W.3d 199, 207 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("The Declaratory Judgment Act does not permit a court to pass on hypothetical or contingent situations, or to determine questions not then essential to the resolution of an actual controversy . . .").

**B. No cause of action exists against Supreme Lending because no notice to cure was provided.**

No cause of action against Supreme Lending could exist (even if it hadn't assign the note) until the mandatory 60 day cure period expires after notice to the lender is provided. *See* Texas Constitution Article XVI, Section 50(a)(6)(q)(x). Plaintiff makes no allegation that Supreme Lending was provided notice because none was given. There can be no cause of action against Supreme Lending unless the notice is provided and the defects are not cured. Plaintiffs have failed to state a cause of action against Supreme Lending. The failure to provide the 60 day cure period is mandatory and a requirement to have a claim under the Texas Constitution. This is a fatal flaw and cannot be remedied without dismissal.

For all these reasons, this Motion should be granted.

Respectfully Submitted,

**MALCOMB & CISNEROS**

BY: __/s/ Ron E. Frank_____
 Ron E. Frank
 Texas Bar No. 07370770
 1251 Pin Oak Road, Suite 13
 Katy, Texas 77494
 (281) 542-3575
 (713) 493-0175
 rfrank@mclaw.org

**ATTORNEY IN CHARGE
FOR EVERETT FINANCIAL, INC.
DBA SUPREME LENDING**

## CERTIFICATE OF SERVICE

      This will certify that on the 24TH day of November, 2014, a true and correct copy of the above was filed with the clerk using the CM/ECF system, thus, notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system. Notice has also been sent via fax.

                                        BY:  **/s/ Ron E. Frank**
                                                   Ron E. Frank