**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELISANDRO GARCIA, JR AND** | § | |
| **EULALIA GARCIA** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-03293** |
| | § | |
| | § | |
| **BANK OF AMERICA, N.A., FEDERAL** | § | |
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION, AND EVERETT** | § | |
| **FINANCIAL, INC. DBA SUPREME** | § | |
| **LENDING** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, SUBJECT TO**
**PLAINTIFFS' MOTION TO REMAND**

      Plaintiffs Elisandro Garcia and Eulalia Garcia ("Plaintiffs" or the "Garcias") request that

this Court deny Defendant Everett Financial, Inc. d/b/a Supreme Lending, Inc.'s ("Defendant" or

"Supreme Lending") Motion to Dismiss and would show the Court as follows:

## I.     SUMMARY

1.    Plaintiffs, who are *current on all* of their mortgage payments, are seeking not only

forfeiture of the invalid home equity lien as a result of the lender's failure to cure multiple

violations of the Texas Constitution, but they are also seeking reimbursement for all the payments

that have been received by *any and all* lenders, including Supreme Lending, since the loan's

inception. Supreme Lending is indisputably the original lender for this loan, and at least two

months of mortgage payments were made to it prior to its transfer of the loan to Fannie Mae. Not

only that, it received settlement costs at closing and outside of closing. Additionally, as the original

lender, Supreme Lending *originated* the loan and *created* the defects that made the loan invalid.

As such, it is a necessary party to this case. Moreover, Plaintiffs' filing of the petition in state court

1

was reasonably calculated to put Defendant on notice of the constitutional violations therein alleged.[1] *Puig v. Citibank, N.A.*, 2012 U.S. Dist. LEXIS 70398 (N.D. Tex. May 21, 2012), *aff'd*, 514 Fed. Appx. 483, 2013 U.S. App. LEXIS 3767 (5th Cir. 2013). Therefore, Supreme Lending received "notice" to cure its constitutional violations. Plaintiffs' claims survive Defendant's Motion to Dismiss because Plaintiffs have plead sufficient facts against that withstand 12(b)(6) scrutiny. For the reasons stated below, Defendant's reference to the *Ashcroft* case to suggest that "Plaintiff must prove up a cause of action" in its original complaint is misleading on this Court and inconsistent with the pleading standard discussed in *Ashcroft*. (Dkt. #9, p. 3). *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2 868 (2009).

## II. <u>PROCEDURAL BACKGROUND</u>

2.      Plaintiffs' lawsuit was filed in the 434th Judicial District for Fort Bend County, Texas on October 7, 2014, *within the limitations* period.[2] Plaintiffs are asserting causes of action against Supreme Lending and other defendants for violations of the Texas Constitution, art. XVI, §50(a)(6). Plaintiffs further seek declaratory judgment specifying the parties' rights and duties in connection with a lien from the deed of trust and promissory note related to their homestead. Plaintiffs' lawsuit states that they are seeking a declaration that the note or lien on their homestead is void, with principal and interest forfeited, and that they are requesting "all money received…since the loan's inception in 2010 be returned to them." (Dkt #1, at p. 3, p. 8, p. 10).

3.      Defendants removed this action to federal court on November 17, 2014 (Dkt. # 1) and Defendant Supreme Lending filed its Motion to Dismiss on November 24, 2014 (Dkt. # 9).

---

[1] The original petition was filed on October 7, 2014.
[2] *Elisandro Garcia and Eulalia Garcia v. Bank of America, et al.*, Cause No. 14-DCV-218207.

### III.    LEGAL STANDARD

4.     Plaintiffs' claims against Supreme Lending survive the 12(b)(6) scrutiny and Defendant's motion to dismiss must be denied. Whether Plaintiffs have a meritorious suit or claim is *not* before the Court and *cannot* form the basis for dismissal. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(emphasis).  When considering Defendant's motions, the court must construe the factual allegations in the complaint in the light most favorable to Plaintiffs.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996).  Dismissal is only appropriate if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the factual allegations in Plaintiffs' complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny Defendant's motion.  *See Twombly*, 550 at 555.  All of the Plaintiffs' allegations must be accepted as true, and the dismissal will be affirmed only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005).

### IV.    RELEVANT FACTS

5.     Around 2007, Plaintiffs purchased and became owners of the property located at 619 East Park Street, Fort Bend County, Texas 77478 (the "homestead" or the "Property").

6.     On October 8, 2010, Plaintiffs refinanced by obtaining a home equity loan from Everett Financial, Inc. DBA Supreme Lending. *See Texas Home Equity Note, attached as Exhibit 1.* Plaintiffs simultaneously entered into a Home Equity Security Agreement ("Security Agreement" or "DOT") with Supreme Lending, which details the parties' rights and obligations with regards to the lien. *See Deed of Trust, attached as Exhibit 2.* The agreement specified:

> "It is Lender's and Borrower's intention to *conform strictly* to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply [with Section 50(a)(6)], Borrower will advise Lender of the noncompliance…only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, **shall all principal and interest be forfeited by Lender**…"

*See Exhibit 2, paragraph 19* (emphasis).

7.      When Supreme Lending created the loan, it failed to with the Texas Constitution, article XVI, section 50(a)(6) because: (a) as a condition for making the loan, it charged fees that exceeded 3% of the loan amount;[3] (b) it failed to acknowledge the fair market value on the day the extension of credit was made; (c) the loan amount exceeded 80% of the true fair market value at the time of closing; and (d) it failed to provide the borrowers with a separate written notice concerning their rights for an extension of credit.  Plaintiffs paid certain settlement costs to Supreme Lending at closing, and began submitting mortgage payments immediately.

8.      Some time thereafter, Supreme Lending transferred the loan to Fannie Mae and/or Bank of America, the current noteholders on the loan.

9.      More than 60 days before this lawsuit was filed, Plaintiffs sent a Notice to Cure constitutional violations to the current lenders Fannie Mae and Bank of America, detailing specific violations of the Texas Constitution. On October 7, 2014, Plaintiffs filed this lawsuit and served Fannie Mae, Bank of America, and Supreme Lending, detailing the same violations that were noted in Plaintiffs' notice to cure. To date, none of the defendants have cured the above-mentioned violations.

---

[3] Plaintiffs assert that although the 3% fee cap on the loan was $3,375, Supreme Lending charged fees of at least $6,176.74. Since this lawsuit was filed, Plaintiffs have exchanged multiple correspondence with Defendant's counsel explaining the breakdown of their fee calculation. Plaintiffs have responded to Defendant's baseless threats to file sanctions. These exchanges are available to file with the Court upon request.

# V.   ARGUMENT AND AUTHORITIES

## A.  Plaintiffs' claim against Supreme Lending is sufficient to survive Defendant's Motion to Dismiss.

### i.   Plaintiffs Seek Reimbursement for All Payments that were made to Defendant.

10.     A lender who creates an invalid lien under the §50(a)(6) of the Texas Constitution faces severe, but necessary penalties. Because the lien was invalid from the inception and the lender failed to cure, the *lender must disgorge all sums* that it received under the promissory note, in addition to forfeit the entire principal and interest on the loan. *In re Cadengo*, 370 B.R. 681, 698 (Bankr. S.D. Tex. 2007) ("The forfeiture reaches back to payments already made. Under the forfeiture provision, a lender's failure to comply results in the lender having to not only forfeit the right to collect any future payments….but also having to disgorge any amount already paid under the note.")(citing *Adams v. Ameriquest Mortgage Co*., 307 B.R. 549, 553 (Bankr. N.D. Tex. 2004)).

11.     Plaintiffs' lawsuit is not only an action to quiet title, but it clearly states that Plaintiffs are seeking disgorgement and reimbursement from Defendants for "all previous payments that have been made on the Note." (Dkt. #1).

12.     Supreme Lending admits that it originated the loan. Although it alleges that it no longer has the loan, Supreme Lending undoubtedly received payments under the loan not only at closing, but also for the time period during which it had the loan. As such, Supreme Lending is a necessary party to this lawsuit and must ultimately disgorge any payments it received from Plaintiffs from the loan's origination to the time it transferred the loan.[4]

---

[4] Plaintiffs' counsel asked Defendant's counsel for proof of when Supreme Lending alleges the loan was transferred to Fannie Mae, but it has not produced any evidence of the loan's transfer date.

ii.     Defendant Received "Notice" to Cure.

13.     Supreme Lending received specific notice of their constitutional violations when Plaintiffs filed their lawsuit in state court. A separate notice to cure letter was not required to give it "notice". *See, e.g. In re Gulley*, 436 B.R. 878, 890-91 & n.57 (Bankr. N.D. Tex. 2010) (stating 60-day opportunity-to-cure period under Texas Constitution ran when adversary proceeding was filed; *In re Cadengo*, 370 B.R. at 698 (concluding "60-day window to cure" began to run on date complaint was filed); *In re Adams*, 307 B.R. 549 (Bankr. N.D. Tex. 2004); *Puig v. Citibank, N.A.*, 2012 U.S. Dist. LEXIS 70398 (N.D. Tex. May 21, 2012), *aff'd*, 514 Fed. Appx. 483, 2013 U.S. App. LEXIS 3767 (5th Cir. 2013).

14.     This lawsuit was filed on October 7, 2014. Although Supreme Lending acknowledges that it received notice of the constitutional defects in Plaintiffs' complaint, it has not cured any of the violations. Regardless, its argument that no cause of action exists against it because it did not receive "notice" to cure fails.

**B.  Plaintiffs' Claim for Declaratory Relief Survives Defendant's Motion to Dismiss.**

15.     Defendant argues that an actual controversy does not exist to support Plaintiffs' claim for declaratory relief. The Fifth Circuit has opined about what constitutes a case or controversy: "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Henry v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 64420, 23-24 (E.D. Tex. May 9, 2011) (*citing Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). Here, Plaintiff's stated controversy is not hypothetical or speculative.

16.     Plaintiffs and Defendant dispute whether Defendant must disgorge all payments that it received for the subject home equity note as a result of the lien's invalidity.  If Plaintiffs are not granted relief, Defendant will retain all money that it unlawfully received from Plaintiffs, despite Defendant's creation of an invalid lien. Thus, Plaintiffs' cause of action (*i.e.,* suit for declaratory relief) meets the standard necessary to avoid dismissal.

17.     Because Plaintiffs' causes of action are valid, Defendant's argument is moot and Plaintiffs' request for injunctive relief should not be dismissed.

## VI.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant's Motion to Dismiss be denied or in the alternative, for leave to amend Plaintiffs' Complaint, and for such other and further relief to which Plaintiffs may be justly entitled.

Dated:  December 17, 2014                    Respectfully submitted,

                                             THE LANE LAW FIRM

                                             By: /s/ *Anh Thu Dinh*
                                             Robert "Chip" C. Lane
                                             State Bar No. 24046263
                                             So. District Bar No. 570982
                                             Anh Thu N. Dinh
                                             State Bar No. 24071480
                                             So. District Bar No. 1085790
                                             6200 Savoy Dr., Suite 1150
                                             Houston, Texas 77036-3300
                                             (713) 595-8200 Telephone
                                             (713) 595-8201 Facsimile

                                             ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon counsel of record, *via* facsimile and/or electronic service, on this 17th day of December, 2014:

MALCOMB & CISNEROS
Ron E. Frank
1251 Pin Oak Road, Suite 13
Katy, Texas 77494
(281) 542-3575 (Telephone)
(713) 493-0175 (Fax)
Attorney for Everett Financial, Inc. d/b/a Supreme Lending

WINSTON & STRAWN LLP
Jameson J. Watts
1111 Louisiana Street, 25th Floor
Houston, Texas 77002
(713) 651-2600 (Telephone)
(713) 651-2700 (Fax)

*/s/ Anh Thu Dinh*
Anh Thu Dinh