IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELISANDRO GARCIA JR. AND EULALIA GARCIA, § § § § Plaintiffs, § v. § § BANK OF AMERICA, N.A., § FEDERAL NATIONAL MORTGAGE § ASSOCIATION, AND EVERETT § FINANCIAL, INC. DBA SUPREME § LENDING, § § Defendants. § | CIVIL ACTION NO. 4:14-cv-03293 |

**DEFENDANTS BANK OF AMERICA, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ATLAS:

COME NOW, Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae") (collectively, the "Defendants"), by and through their undersigned counsel, and respectfully submit this memorandum of law in opposition to Plaintiffs Elisandro Garcia Jr. and Eulalia Garcia's ("Plaintiffs") Motion to Remand (Doc. No. 12) (the "Motion to Remand").  As explained herein, Plaintiffs' Motion to Remand should be denied as untimely and, in the alternative, because this Court has jurisdiction over this matter and removal was appropriate.

I.   **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This case involves borrowers (Plaintiffs) who refinanced their home equity loan in 2010 and are now asking the Court to declare the promissory note and security instrument

void based on alleged deficiencies relating to the origination of the loan. In other words, Plaintiffs seek a windfall in the amount of the principal balance of the loan ($112,500.00) due to the fact that they allegedly do not recall receiving certain notices. As discussed in greater detail in Defendants' Motion to Dismiss (Doc. No. 13), Plaintiffs' allegations are wholly without merit because the loan at issue in this case complies with all applicable provisions of the Texas Constitution.

Plaintiffs filed this case in the District Court of Fort Bend County, Texas on October 7, 2014. On November 17, 2014, Defendants timely removed the action to this Court. Co-defendant Everett Financial, Inc. d/b/a Supreme Lending, Inc. ("Supreme Lending") filed a Rule 12(b)(6) motion to dismiss on November 24, 2014, and Defendants BANA and Fannie Mae filed a Rule 12(b)(6) motion to dismiss on December 23, 2014. Plaintiffs filed the Motion to Remand on December 18, 2014, which was 31 days after the Notice of Removal (Doc. No. 1) was filed.

## II.   ISSUE PRESENTED

Whether the Motion to Remand was timely, or, in the alternative, whether Defendants properly removed the case to this Court.

## III.   BACKGROUND

On October 8, 2010, Supreme Lending loaned Plaintiffs $112,500.00 (the "Loan") to refinance the real property located at 619 East Park Street, Sugar Land, TX 77478 (the "Property"). *See* Compl., Doc. No. 1-1, at 6, ¶ 11. According to the Complaint and the central documents to which it refers, Plaintiffs—in exchange for the above-described $112,500.00 Loan—executed a promissory note to Supreme Lending and its

successors/assigns (the "Note") and granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, a Texas Home Equity Security Instrument (First Lien) against the Property on October 8, 2010 (the "Security Instrument"). *See* Compl., Doc. No. 1-1, at 6, ¶ 11; *see also* Note, attached to Plaintiffs' Compl. as Exhibit 3, Doc. No. 1-1 at 20; Security Instrument, attached to Plaintiffs' Compl. as Exhibit 4, Doc. No. 1-1 at 25. On October 19, 2010, the Security Instrument was recorded in the Official Public Records in the County Clerk's Office of Fort Bend County, Texas at Document Number 2010102581. *See id.* The Loan was thereafter assigned and/or transferred to Fannie Mae on or around December 9, 2010.

In connection with the application and closing of the Loan, Plaintiffs also received and executed the following documents: Notice Concerning Extensions of Credit, signed and dated September 10, 2010 (Doc. No. 13-2 at 2-5); HUD-1 Settlement Statement (the "HUD-1"), signed and dated October 8, 2010 (Doc. No. 1-1 at 41); Acknowledgement of Fair Market Value of Homestead Property, signed and dated October 8, 2010 (Doc. No. 13-2 at 6-8); and Home Valuation Code of Conduct Appraisal Acknowledgement, signed and dated October 8, 2010, with accompanying September 21, 2010 appraisal (Doc. No. 13-2 at 9-41).

### IV.   ARGUMENT & AUTHORITIES

**A.   APPLICABLE LEGAL STANDARD.**

A defendant may remove to federal court a civil action filed in state court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The Court has diversity jurisdiction over a case if the properly joined parties in this case

are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A party opposing removal must file its motion to remand, on the basis of any defect other than subject-matter jurisdiction, within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

### B.   PLAINTIFFS' MOTION TO REMAND IS UNTIMELY.

Plaintiffs did not timely file the Motion to Remand, thus the Court should deny it in its entirety. Pursuant to Section 1447(c) of Title 28 of the United States Code, a party moving to remand must file its motion "within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In this case, Defendants' filed the Notice of Removal on November 17, 2014. *See* Doc. No. 1. Pursuant to Fed. R. Civ. P. 6(a)(1), the last day for Plaintiffs to file a motion to remand (i.e., 30th day after filing of the Notice of Removal) was December 17, 2014. Accordingly, Plaintiffs' filing of the Motion to Remand on December 18, 2014 was untimely, and the Court should deny Plaintiffs' Motion to Remand in its entirety.

### C.   REMOVAL WAS APPROPRIATE BECAUSE SUPREME LENDING IS IMPROPERLY JOINED.

The Court should also deny the Motion to Remand because removal of the State Court Action was appropriate. Plaintiffs' Motion to Remand does not contest the citizenship of Plaintiffs, BANA, or Fannie Mae, nor does it contest whether the amount in controversy exceeds $75,000.00 as detailed in Defendants' Notice of Removal (Doc.

No. 1). Rather, Plaintiffs contend that Supreme Lending, a citizen of Texas, is properly joined to this action and thereby destroys diversity of citizenship. Plaintiffs' unsupported assertions run contrary to Fifth Circuit precedent, thus, the Court should deny the Motion to Remand.

### i.      Complete Diversity Exists as to the Properly Joined Parties.

As discussed in Defendants' Notice of Removal, Plaintiffs are citizens of Texas, BANA is a citizen of North Carolina, and Fannie Mae is a citizen of the District of Columbia. *See* Doc. No. 1. Accordingly, complete diversity of citizenship exists between these parties, which Plaintiffs do not dispute. While the remaining named defendant, Supreme Lending, is believed to be a citizen of Texas, *see* Compl., Doc. No. 1-1 at 5, ¶ 5, Supreme Lending's Texas citizenship does not defeat complete diversity because it has been improperly joined in this lawsuit.

Diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant, also known as fraudulent or improper joinder. *McKee v. Kansas City S. Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004). To avoid fraudulent or improper joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

In this case, the only claim asserted by Plaintiffs is one to quiet title to the Property. *See* Compl., Doc. No. 1-1 at 9-10, ¶¶ 17-18. "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the

defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). Plaintiffs' Complaint fails to allege that Supreme Lending holds any interest in or claim to the Property. Further, Plaintiffs' Complaint implicitly concedes that Supreme Lending is not asserting an interest in the Property because Plaintiffs' demand to cure the alleged cloud on Plaintiffs' title (attached as Exhibit 1 to the Complaint) was addressed only to Fannie Mae and BANA. *See* Compl. at Exh. 1, Doc. No. 1-1 at 15-17. While Plaintiffs' Complaint fails to address the issue, Plaintiffs did not send a demand letter to Supreme Lending because Supreme Lending transferred and/or assigned its interest in the Property to Fannie Mae on or around December 9, 2010. Where the originator of a loan (e.g., Supreme Lending) assigns its interest in the loan to a third party, a borrower can no longer assert a claim to quiet title against the loan's originator because the loan's originator no longer holds an interest in or claim to the property. *See Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) ("HLC Merely originated the loan, and its assignment through MERS ended its involvement with the mortgage, so HLC has no adverse claim against the property. . . . As such, there is no reasonable basis for recovery, and HLC was improperly joined."). Accordingly, Plaintiffs' action to quiet title fails as a matter of law

as to Supreme Lending because Supreme Lending transferred and/or assigned its claim to the Property to Fannie Mae approximately four years ago.

Further, Plaintiffs' request for a declaratory judgment does not apply to Supreme Lending because it is not a stand-alone cause of action.  *See Monk v. Pomberg*, 263 S.W.3d 199, 207 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("The Declaratory Judgment Act does not permit a court to pass on hypothetical or contingent situations, or to determine questions not then essential to the resolution of an actual controversy . . ."); *see also Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, Case No. 3:03-cv-01658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (the federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under substantive law.").  Accordingly, Supreme Lending is improperly joined to this case and Plaintiffs' naming of Supreme Lending as a "defendant" does not defeat this Court's diversity jurisdiction.

In support of their Motion to Remand and their alleged claim against Supreme Lending, Plaintiffs cite a single, inapplicable, and non-binding case from a Bankruptcy Court in the Northern District of Texas.  *See* Motion to Remand, Doc. No. 12 at ¶ 16 (citing *Adams v. Ameriquest Mortg. Co.*, 307 B.R. 549, 553 (Bankr. N.D. Tex. 2004)).  The *Adams* case is distinguishable and inapplicable in this case because it does not address the issue presented by the Motion to Remand and the actual claim that Plaintiffs are attempting to assert against Supreme Lending here.  The *Adams* decision, contrary to Plaintiffs' assertions in their Motion to Remand, did not address whether a borrower can

assert a claim for quiet title—which is the actual cause of action asserted in Plaintiffs' Complaint—against the originator of a loan that subsequently transferred and/or assigned its interest in the loan to a third party. Thus, *Adams* is not relevant to the issues presented here and does not support a remand based on the alleged facts.

In the Motion to Remand, Plaintiffs make conclusory assertions that they are entitled to disgorge payments made to Supreme Lending, even though Supreme Lending no longer claims or holds an interest in the Property. Plaintiffs, however, are mistaking a remedy (i.e., disgorgement of prior payments) with an actual cause of action (i.e., an action to quiet title). *See* Motion to Remand, Doc. No. 12 at ¶ 16. As discussed above, the Fifth Circuit has held that a borrower cannot assert a claim to quiet title against the originator of a loan that no longer holds an interest in the property. *Rojas*, 571 Fed. App'x at 277. Thus, while Plaintiffs may seek the remedy of disgorgement of prior payments—made to Supreme Lending—from Defendants if Plaintiffs are ultimately successful in their underlying quiet title claim, Plaintiffs cannot legally pursue disgorgement from Supreme Lending because they cannot allege a viable claim to quiet title against Supreme Lending. *See id.*; *see also* Fed. R. Civ. P. 12(b)(6); Supreme Lending's Motion to Dismiss, Doc. No. 9; BANA's Motion to Dismiss, Doc. No. 13. Thus, because there is no reasonable basis for predicting that the state law might impose liability on Supreme Lending, Supreme Lending is an improperly joined party, and its citizenship should be disregarded for purposes of diversity. *Great Plains Trust Co.*, 313 F.3d at 312. Accordingly, Plaintiffs' Motion to Remand lacks merit and should be denied in its entirety.

### ii.     The Amount in Controversy Exceeds $75,000.00.

Plaintiffs do not dispute in the Motion to Remand, and thus concede, that the amount in controversy exceeds $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, --- U.S. ---- (Dec. 15, 2014) ("Evidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). Plaintiffs seek relief in the form of a declaratory judgment that Defendants hold no interest in the Property and seek to quiet title to the Property in their names. *See* Compl., Doc. No. 1-1 at 9-11 ¶¶ 17-25. In essence, Plaintiffs seek a declaratory judgment that they do not owe Defendants $112,500.00 and, thus, should have clear title to the Property. *See* Compl., Doc. No. 1-1 at 11, ¶ 25. When the relief sought by a plaintiff requires the adjudication of the validity of a promissory note, the court looks to the note's dollar value to determine the amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("Since both the note and the policy are well in excess of the jurisdictional amount, the district court has jurisdiction of this case."). In this case, Plaintiffs' obligation under the promissory note (i.e., the amount Plaintiffs are seeking to have declared void) amounts to $112,500.00. *See* Compl., Doc. No. 1-1 at 12-13. Accordingly, based on the relief sought by Plaintiffs in the Complaint, removal is appropriate because the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332 & 1441.

### V.     CONCLUSION

Based upon the foregoing, the Court should deny Plaintiffs' Motion to Remand in its entirety and grant Defendants any and all further relief which the Court deems just.

DATED: January 8, 2015

                                       Respectfully Submitted,

                                       /s/ Jameson Watts
                                       Jameson J. Watts
                                       Texas Bar No. 24079552
                                       SDTX Bar No. 1314527
                                       WINSTON & STRAWN LLP
                                       1111 Louisiana Street, 25th Floor
                                       Houston, TX 77002
                                       Tel. (713) 651-2600
                                       Fax (713) 651-2700
                                       jwatts@winston.com

                                       **COUNSEL FOR DEFENDANTS**
                                       **BANK OF AMERICA, N.A. AND**
                                       **FEDERAL NATIONAL MORTGAGE**
                                       **ASSOCIATION**

## CERTIFICATE OF SERVICE

  I certify that on January 8, 2015 a correct copy of the foregoing Memorandum of Law In Opposition to Plaintiffs' Motion to Remand was filed with the Court via CM/ECF and further served on counsel of record as follows:

*<u>Via Regular Mail</u>*
Anh Thu Dinh
THE LANE LAW FIRM
6200 Savoy, Suite 1150
Houston, TX 77036
*Counsel for Plaintiffs*

*<u>Via Regular Mail</u>*
Ron Frank
MALCOM CISNEROS
6701 Highway Blvd., Suite 206
Katy, TX 77494
*Counsel for*
*Defendant Supreme Lending*

            <u>/s/ Jameson Watts    </u>
            Jameson J. Watts