IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELISANDRO GARCIA, JR AND | § | |
| EULALIA GARCIA | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-03293 |
| | § | |
| | § | |
| BANK OF AMERICA, N.A., FEDERAL | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, AND EVERETT | § | |
| FINANCIAL, INC. DBA SUPREME | § | |
| LENDING | § | |
|     Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS BANK OF AMERICA, N.A. &
FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS,
SUBJECT TO PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Elisandro Garcia and Eulalia Garcia ("Plaintiffs" or the "Garcias") request that this Court deny Defendants Bank of America, N.A. & Federal National Mortgage Association's ("Defendants" or collectively "BOA") Motion to Dismiss (the "Motion") and would show the Court as follows:

### I.    SUMMARY

1. Plaintiffs' Complaint survives Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6) because Plaintiffs have pled sufficient facts to support their claim for declaratory judgment. As shown below, the HUD settlement statement shows that Plaintiffs were charged fees that exceeded 3% of the loan amount.[1] Even if Defendants' Motion is treated as a motion for summary judgment, at the very least there are fact issues which preclude Defendant's Motion.

---

[1] Plaintiffs are no longer pursuing their claims for violations of TEX. CONST. art. XVI, §50(a)(M)(i), §50(a)(6)(Q)(ix), and 50(a)(6)(B). They are only claiming that the lien is void because Defendants failure to cure §50(a)(6)(E), which prohibits charging borrowers fees that exceed 3% of the loan.

1

2. Plaintiffs, who are *current on all* of their mortgage payments, are seeking forfeiture of the invalid home equity lien as a result of the lender's failure to cure multiple violations of the Texas Constitution. Additionally, they seek reimbursement for all the payments that have been received by *all* lenders since the loan's inception.

## II.  PROCEDURAL BACKGROUND

3. Plaintiffs' lawsuit was filed in the 434th Judicial District for Fort Bend County, Texas on October 7, 2014, *within the limitations* period. Plaintiffs are asserting causes of action against Defendants for violations of the Texas Constitution, art. XVI, §50(a)(6). Plaintiffs further seek declaratory judgment specifying the parties' rights and duties in connection with a lien from the deed of trust and promissory note related to their homestead. Plaintiffs' lawsuit states that they are seeking a declaration that the note or lien on their homestead is void, with principal and interest forfeited, and that they are requesting "all money received…since the loan's inception in 2010 be returned to them." (Dkt #1, at p. 3, p. 8, p. 10).

4. Defendants removed this action to federal court on November 17, 2014 (Dkt. # 1) and Defendant Supreme Lending filed its Motion to Dismiss on November 24, 2014 (Dkt. # 9).

5. Plaintiffs responded to Supreme Lending's Motion to Dismiss on December 17, 2014. (dkt. # 11). The following day, Plaintiffs filed their Motion to Remand the case to state court. (Dkt. # 12).

6. Defendants BOA and Federal National Mortgage Association filed their own motion to dismiss on December 23, 1014. (Dkt. # 13).

## III.  LEGAL STANDARD

7. Plaintiffs' claims against Defendants survive the 12(b)(6) scrutiny and Defendants' motion must be denied. Whether Plaintiffs have a meritorious suit or claim is *not* before the Court and

*cannot* form the basis for dismissal. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(emphasis). When considering Defendants' motions, the court must construe the factual allegations in the complaint in the light most favorable to Plaintiffs. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996). Dismissal is only appropriate if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the factual allegations in Plaintiffs' complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny Defendants' motion. *See Twombly*, 550 at 555. All of the Plaintiffs' allegations must be accepted as true, and the dismissal will be affirmed only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005).

### IV. RELEVANT FACTS

8. On October 8, 2010, Plaintiffs refinanced by obtaining a home equity loan from Everett Financial, Inc. DBA Supreme Lending. *See Texas Home Equity Note, attached as Exhibit 1.* Plaintiffs simultaneously entered into a Home Equity Security Agreement ("Security Agreement" or "DOT") with Supreme Lending, which details the parties' rights and obligations with regards to the lien. *See Deed of Trust, attached as Exhibit 2*. The agreement specified:

> "It is Lender's and Borrower's intention to *conform strictly* to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply [with Section 50(a)(6)], Borrower will advise Lender of the noncompliance…only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, **shall all principal and interest be forfeited by Lender**…"

*See Exhibit 2, paragraph 19* (emphasis).

9. BOA asserts that it is currently the noteholder.

10. The Texas Constitution limits the lender to charging the homeowners fees of $3,375 (3% of the $112,500 loan amount) at closing. *See* §50(a)(6)(E). However, the lender in this case charged Plaintiffs fees of at least $3,822.38, more than 3% of the loan amount at closing. *See HUD Settlement Statement, attached as Exhibit 3*. The fees charged are as follows:

| Charge | Amount Charged | Line on HUD | Subject to 3% Cap by Texas Administrative Code |
|---|---|---|---|
| Origination Charge | $ 1,618.54 | Line 801 | 7 TEX. ADMIN. CODE §153.5(6) – charged to originate loan |
| Appraisal Fee Paid Outside Closing By Borrower | $ 450 | Line 804 | 7 TEX. ADMIN. CODE §153.5(8)- charged to evaluate loan |
| Flood Cert. Fee | $ 18 | Line 807 | 7 TEX. ADMIN. CODE §153.5(8) - charged to evaluate loan |
| Document Preparation | $ 125 | Line 808 | 7 TEX. ADMIN. CODE §153.5(7) – charged to pay third parties for activities relating to originating a loan |
| Title Services | $ 1,160.46 | Line 1101 | 7 TEX. ADMIN. CODE §153.5(11)- charged to insure loan |
| Escrow Fee to Patten Law Firm | $ 50 | Line 1102 | 7 TEX. ADMIN. CODE §153.5(7) – charged to pay third parties for activities relating to originating a loan |
| T42 to Patten Law Firm | $ 207.63 | Line 1112 | 7 TEX. ADMIN. CODE §153.5(7) – charged to pay third parties for activities relating to originating a loan |
| Tax Certificate to National Tax Net | $59.75 | Line 1113 | 7 TEX. ADMIN. CODE §153.5(8)- charged to evaluate loan |
| Texas Policy Guaranty Fee | $ 5 | Line 1114 | 7 TEX. ADMIN. CODE §153.5(11)- charged to insure loan |
| Government Recording Charges | $ 128 | Line 1201 | 7 TEX. ADMIN. CODE §153.5(10)- charged to record loan |
| **TOTAL FEES** | **$3,822.38** | ----------- | |

11. More than 60 days before this lawsuit was filed, Plaintiffs sent Defendants a letter notifying Defendants of their violation of the §50(a)(6)(E) and demanded that Defendants cure the violation within 60 days. *See Notice to Cure, attached as Exhibit 4.* To date, none of the defendants have cured the above-mentioned violation.

4

## V. ARGUMENT AND AUTHORITIES

**A. Plaintiffs' claims are sufficient to survive Defendants' Motion to Dismiss Because the HUD Settlement Statement Shows that Plaintiffs Were Charged More Than 3% of Permissible Fees.**

12. **A violation of any one violation of the Texas Constitution, §50(a)(6) is sufficient to render the entire home equity lien void**. *Marketic v. U.S. Bank National Association*, 436 F. Supp. 2d. 842, 846 (N.D. Tex. 2006) ("*In order* for a home equity lien *to be valid*, the home equity loan must comply with the numerous requirements set forth in subsections (A)-(Q) of section 50(a)(6))(emphasis).

13. TEX. CONST. art. XVI, §50(a)(6)(E) states:

> The homestead of a family…shall be, and is hereby protected from forced sale, for the payment of all debts except for…an extension of credit that…**does not require** the owner of the owner's spouse to pay, in addition to any interest, **fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount** of the extension of credit.

(emphasis added); *see Cerdi v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 795 (5th Cir. 2010); *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342 (Tex. 2001).

14. The fees charged on this loan should not have exceeded $3,375, but as shown above, the fees that were charged to Plaintiffs equaled or exceeded $3,822.38. *See Exhibit 3*.

   i. Defendants' Calculation is Incorrect and Misleading

15. It is misleading for Defendants to calculate only the charges listed in the column labeled "Paid from Borrower's Funds *At Settlement*". In doing so, Defendants have neglected to include the "appraisal fee" of $450 (marked as "paid outside closing by borrower") and "document preparation fee" of $125. *Exhibit 3*. The lender is prohibited from requiring the borrower to pay all fees (not interest) that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed three percent of the loan amount. TEX. CONST. art. XVI,

5

§50(a)(6)(E). The prohibition is *not limited to* only those fees paid *at* closing, but includes those fees paid by borrower *outside* of closing. *See, e.g*., 7 TEX. ADMIN. CODE §153.5(12) and §153.5(9) ("Charges …that are customarily paid at the inception of any equity loan…but are deferred *for later payment after closing, are fees subject to the three percent limitation*."). As such, Defendants' omission of fees charged on the left column of the HUD is misinforming because some of these fees were paid outside of closing by the borrower. Defendants' calculation merely includes only those fees paid from funds at closing.

### B. Plaintiffs' Claim for Declaratory Relief Survives Defendants' Motion to Dismiss.

i. Plaintiffs Sufficiently Plead a Substantive Underlying Cause of Action.

16. Defendants argue that under applicable Texas and federal statutes, a request for declaratory judgment does not create any substantive rights or causes of action. However, "[T]he [United States Supreme] Court made clear that **a suit for declaratory judgment [is] nevertheless "essentially an equitable *cause of action*...**" *Samuels v. Mackell*, 401 U.S. 66, 70 (1971) (*citing Great Lakes Co. v. Huffman*, 319 U.S. 293, 300 (1943)) (emphasis added).

17. Furthermore, Plaintiffs' underlying claims under the Texas Constitution do sufficiently state a claim and as such, Plaintiffs have an underlying action for the court to adjudicate. Thus, Defendants' motion to dismiss must be denied.

### VI. CONCLUSION

18. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants' Motion to Dismiss be denied or in the alternative, for leave to amend Plaintiffs' Complaint, and for such other and further relief to which Plaintiffs may be justly entitled.

Dated: January 13, 2014                         Respectfully submitted,

                                                **THE LANE LAW FIRM**

                                                By: /s/ *Anh Thu Dinh*
                                                Robert "Chip" C. Lane
                                                State Bar No. 24046263
                                                So. District Bar No. 570982
                                                Anh Thu N. Dinh
                                                State Bar No. 24071480
                                                So. District Bar No. 1085790
                                                6200 Savoy Dr., Suite 1150
                                                Houston, Texas 77036-3300
                                                (713) 595-8200 Telephone
                                                (713) 595-8201 Facsimile

                                                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon counsel of record, *via* facsimile and/or electronic service, on this 13th day of January 2015:

MALCOMB & CISNEROS
Ron E. Frank
1251 Pin Oak Road, Suite 13
Katy, Texas 77494
(281) 542-3575 (Telephone)
(713) 493-0175 (Fax)
Attorney for Everett Financial, Inc. d/b/a Supreme Lending

WINSTON & STRAWN LLP
Jameson J. Watts
1111 Louisiana Street, 25th Floor
Houston, Texas 77002
(713) 651-2600 (Telephone)
(713) 651-2700 (Fax)

                                                /s/ *Anh Thu Dinh*
                                                Anh Thu Dinh