IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELISANDRO GARCIA JR. AND EULALIA GARCIA, § § § § Plaintiffs, § v. § § BANK OF AMERICA, N.A., § FEDERAL NATIONAL MORTGAGE § ASSOCIATION, AND EVERETT § FINANCIAL, INC. DBA SUPREME § LENDING, § § Defendants. § | CIVIL ACTION NO. 4:14-cv-03293 |

### DEFENDANTS BANK OF AMERICA, N.A. & FEDERAL NATIONAL MORTGAGE ASSOCIATION'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ATLAS:

COME NOW, Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae") (collectively, the "Defendants"), by and through their undersigned counsel, and respectfully submit the following reply in support of their Motion to Dismiss (Doc. No. 13) (the "Motion to Dismiss") Plaintiffs Elisandro Garcia Jr. and Eulalia Garcia's ("Plaintiffs'") October 7, 2014 "Original Petition and Request for Disclosures" (the "Complaint") for failure to state a claim upon which relief can be granted. As explained herein, Plaintiffs' Response to the Motion to Dismiss (Doc. No. 16) (the "Response") purports to abandon 3 of the 4 bases for Plaintiffs' alleged claim against Defendants, and Plaintiffs' remaining basis is equally without merit. The

Court should, therefore, grant Defendants' Motion to Dismiss and dismiss Plaintiffs' Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## I.     ARGUMENT & AUTHORITIES

**A.   PLAINTIFFS' RESPONSE CONCEDES THAT DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED ON AT LEAST 3 OF 4 BASES FOR PLAINTIFFS' CLAIM.**

While Plaintiffs failed to amend their Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs' Response purports to abandon 3 of 4 alleged violations of the Texas Constitution and states that "Plaintiffs are no longer pursuing their claims for violations of TEX. CONST. art. XVI, §50(a)(M)(i), §50(a)(6)(Q)(ix), and 50(a)(6)(B)." Response, Doc. No. 16 at 1 n.1. Although Plaintiffs fail to provide their reasoning for abandoning the above alleged violations, Defendants respectfully submit that the above are being abandoned because Plaintiffs did in fact receive and sign the documents required by the above-cited statutes as detailed in Defendants' Motion to Dismiss and its supporting exhibits. Accordingly, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss as unopposed to the extent it seeks to dismiss Plaintiffs' alleged claim based on the above-identified statutes.

**B.   PLAINTIFFS WERE NOT CHARGED FEES EXCEEDING 3% OF THE LOAN.**

As conceded in their Response, Plaintiffs are only pursing their claim to quiet title based on the sole assertion "that the lien is void because [sic] Defendants failure to cure §50(a)(6)(E), which prohibits charging borrowers fees that exceed 3% of the loan." Response, Doc. No. 16 at 1 n.1. As described in Defendants' Motion to Dismiss and

detailed further below, Plaintiffs' loan was constitutional because Plaintiffs were not charged fees in excess of 3% of the original principal balance of the loan.

Plaintiffs' calculations are incorrect because Plaintiffs attempt to randomly pick and choose which portions of itemized costs in the left-hand column of the HUD-1 they wish to count towards the 3% fee cap under Section 50(a)(6)(E). *See* Response, Doc. No. 16 at ¶ 10. Plaintiffs' Response improperly attempts to include Lines 808, 1102, 1112, 1113, and 1114 into the 3% cap, when those charges were discounted and/or absorbed in Lines 803 and 1101, and there is no notation that Plaintiffs' paid any of the above-referenced charges outside of closing. The Fifth Circuit addressed the calculation of fees not included in the "Paid from Borrower's Funds" column of the HUD-1 as follows:

> With respect to the lender credit of $4,827.80, we note that the REGULATORY COMMENTARY expressly provides that "[t]here is no restriction on a lender absorbing costs that might otherwise be fees and, therefore, covered by the fee limitation." REGULATORY COMMENTARY 3 (discussing § 50(a)(6)(E)). Additionally, we addressed this situation in *Maluski* [*v. U.S. Bank NA*, 349 Fed. App'x 971, 972-73 (5th Cir. 2009 (per curiam)], where we affirmed the grant of summary judgment to the lender despite the borrower's argument that the lender was merely shifting numbers from one column to another to avoid the 3% cap.

*Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 797 (5th Cir. 2010). In this case, the HUD-1 clearly establishes that Plaintiffs were not separately charged—either at closing or outside of closing—for Lines 808, 1102, 1112, 1113, and 1114 because those fees were absorbed and/or discounted by the original lender.

As detailed in Defendants' Motion to Dismiss and the applicable HUD-1 in this case, the following charges were paid for by Plaintiffs at the closing of their loan:

- $7,243.54 – Adjusted Origination Charges (Line 803) (made up of the following):
    - $1,618.54 – Origination charge (Line 801)
    - $5,625.00 – Points for interest rate chosen (Line 802)
- $18.00 – Flood Cert. Fee (Line 807)
- $270.46 – Pro-rated interest charges (Line 901)
- $735.38 – Escrow deposit (Line 1001)
- $1,160.46 – Title services (Line 1101)
- $128.00 – Government recording charges (Line 1201)
$9,555.84 – Total Settlement Charges (Line 1400)

*See* HUD-1, Doc. No. 1-1 at 43.  Also as discussed in Defendants' Motion to dismiss, and not disputed in Plaintiffs' Response, when Lines 802, 901, and 1001 are properly removed from calculation of funds paid out of closing, the actual charges and fees paid by Plaintiffs at closing totaled $2,925.00, or 2.6% of the total principal balance of $112,500.00.  Plaintiffs' Response does, however, accurately point out that one charge—the $450.00 appraisal fee—was paid outside of closing as indicated by the "POC(Borrower)" notation on the HUD-1 at Line 804.[1]  *See* HUD-1, Doc. No. 1-1 at 43.  Inclusion of Line 804's $450.00 fee brings the total fees paid by Plaintiffs to a total of $3,375.00, which is exactly 3% of the original principal balance of $112,500.00.  Accordingly, Plaintiffs' loan does not exceed the 3% cap under Section 50(a)(6)(E) of the Texas Constitution, and Plaintiffs' Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] No other line in the HUD-1 contains a "POC" notation or similar indication that Plaintiffs could have possibly paid any other fee outside of closing.  Neither the Complaint nor the Response allege that any other fee was paid by Plaintiffs outside of closing.

## II.     CONCLUSION

Based upon the foregoing, the Court should, pursuant to Fed. R. Civ. P. 12(b)(6), grant Defendants' Motion to Dismiss (Doc. No. 13) and dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief may be granted.

DATED: January 20, 2015

>                               Respectfully Submitted,
>
>
>                               /s/ Jameson Watts
>                               Jameson J. Watts
>                               Texas Bar No. 24079552
>                               SDTX Bar No. 1314527
>                               WINSTON & STRAWN LLP
>                               1111 Louisiana Street, 25th Floor
>                               Houston, TX 77002
>                               Tel. (713) 651-2600
>                               Fax (713) 651-2700
>                               jwatts@winston.com
>
>                               **COUNSEL FOR DEFENDANTS**
>                               **BANK OF AMERICA, N.A. &**
>                               **FEDERAL NATIONAL MORTGAGE**
>                               **ASSOCIATION**

## **CERTIFICATE OF SERVICE**

      I certify that on January 20, 2015 a correct copy of the foregoing Reply In Support of Defendants' Motion to Dismiss was filed with the Court via CM/ECF and further served on counsel of record as follows:

***Via Regular Mail***
Anh Thu Dinh
THE LANE LAW FIRM
6200 Savoy, Suite 1150
Houston, TX 77036
*Counsel for Plaintiffs*

***Via Regular Mail***
Ron Frank
MALCOM CISNEROS
6701 Highway Blvd., Suite 206
Katy, TX 77494
*Counsel for*
*Defendant Supreme Lending*

                                               /s/ Jameson Watts
                                               Jameson J. Watts