IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELISANDRO GARCIA JR., *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-14-3293 |
| § | | |
| BANK OF AMERICA, N.A., *et al.*, § | | |
|     Defendants. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand [Doc. # 12] filed by Plaintiffs Elisandro Garcia Jr. and Eulalia Garcia, to which Defendants Bank of America, N.A. ("BOA") and Federal National Mortgage Association ("Fannie Mae") filed a Response [Doc. # 14], in which Defendant Everett Financial, Inc. d/b/a Supreme Lending, Inc. ("Everett") joined [Doc. # 15]. Defendants assert that non-diverse Defendant Everett was improperly joined. Having considered the full record and relevant legal authorities, the Court concludes that Everett was not improperly joined. As a result, the Court lacks subject matter jurisdiction over this dispute and the Motion to Remand is **granted**.

**I.    BACKGROUND**

In October 2010, Plaintiffs obtained a home equity loan from Everett. In connection with the home equity loan, Plaintiffs entered into a Home Equity Security

Agreement ("Deed of Trust"). The Deed of Trust provided that the lender's failure to comply with the provisions of the Texas Constitution, particularly Article XVI, section 50(a)(6), would result in the forfeiture of all principal and interest.

Plaintiffs allege that Everett violated various requirements of § 50(a)(6) of the Texas Constitution. Plaintiffs allege, *inter alia*, that Everett charged fees in excess of 3% of the loan amount, and that the principal amount of the loan exceeded 80% of the fair market value of the home. Plaintiffs allege that they gave notice of these alleged violations of the Texas Constitution, and that the lender failed to cure the violations. Plaintiffs allege that, as a result, the principal and interest paid is forfeited, and Everett and BOA are required to disgorge those payments and return them to Plaintiffs.

Plaintiffs filed this lawsuit in the 434th Judicial District Court of Fort Bend County, Texas. BOA and Fannie Mae filed a timely Notice of Removal [Doc. # 1], and Everett filed a Consent to Removal [Doc. # 3]. Plaintiffs filed their Motion to Remand, which has been briefed and is now ripe for decision.

## II.     **LEGAL STANDARDS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only

that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants argue that Everett was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if there is "actual fraud in the pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

*Kling Realty*, 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)); *see also Mumfrey*, 719 F.3d at 401. The party asserting improper joinder bears a heavy burden of persuasion. *Kling Realty,* 575 F3d at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### III. <u>ANALYSIS</u>

Defendants argue that Everett was improperly joined.[1] The Court notes initially that the adequacy of the allegations in Plaintiffs' complaint are evaluated, for purposes of the improper joinder analysis, under the "fair notice" pleading standard in Texas courts. *See Stevenson v. Allstate Texas Lloyd's*, 2012 WL 360089, *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.), and cases cited therein. As a result, the Court will construe Plaintiffs' state court petition liberally.

Defendants argue that, because Everett transferred its security interest in the Property to Fannie Mae, Plaintiffs cannot state a valid quiet title claim against the non-

---

[1] Defendants argue also that the Motion to Remand was untimely because it was not filed within thirty days after the Notice of Removal was filed, citing 28 U.S.C. § 1447(c). By the statute's clear terms, the time limitations in § 1447(c) apply only to motions to remand based on "any defect *other than lack of subject matter jurisdiction . . .*." 28 U.S.C. § 1447(c) (emphasis added). In this case, Plaintiffs seek remand on the basis that this Court lacks subject matter jurisdiction.

diverse Defendant. Under the section of the state court petition entitled "Causes of Action," there is a section entitled "Cloud and Quiet Title" and a section entitled "Declaratory Judgment." Plaintiffs allege that Everett violated the Texas Constitution and, as a result, they are entitled to a declaratory judgment that Everett must disgorge all payments that Plaintiffs made to it before it transferred the loan to Fannie Mae. Such allegations concerning whether a home equity loan suffers from constitutional infirmities requiring forfeiture are a proper subject for a claim for declaratory relief. *See Salas v. LNV Corp.*, 409 S.W.3d 209, 216 (Tex. App. – Houston [14th Dist.] 2013); *see also Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex. App. – Dallas 2008, no pet.) (regarding accrual of "cause of action" for alleged violation of § 50(a)(6) of the Texas Constitution). Applying the lenient Texas pleading requirements, this Court cannot conclude that there is no possibility Plaintiffs could recover against Everett in Texas state court. As a result, Defendants have failed to satisfy their burden to establish that Everett was improperly joined. This Court lacks subject matter jurisdiction and the Motion to Remand is granted.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to establish that there is no possibility that Plaintiffs could recover in state court against non-diverse Defendant Everett. Everett was not improperly joined, and the Court must consider its Texas citizenship. Because Plaintiffs and Everett are all Texas citizens, complete diversity is absent in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 12] is **GRANTED**. The Court will issue a separate Remand Order. It is further

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 9 and # 13] are **DENIED WITHOUT PREJUDICE** to being reasserted in state court following remand.

SIGNED at Houston, Texas, this 28th day of **January, 2015**.

_____
Nancy F. Atlas
United States District Judge